UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYNTHIA STUTSMAN and MICHAEL PETERSON, for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SIRIUS XM RADIO LLC,<br><br>Defendant. | Case No. 2:25-cv-01113<br><br>**DEFENDANT SIRIUS XM RADIO LLC's NOTICE OF REMOVAL TO FEDERAL COURT** |

Defendant Sirius XM Radio LLC ("Sirius XM") hereby files this Notice of Removal of the above-captioned action from the Superior Court of Washington, County of Snohomish, to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and on the basis of the following facts, which show that this case may be properly removed to this Court:

1.  Plaintiffs filed a Complaint in this matter in the Superior Court of Washington, County of Snohomish, Case No. is 25-2-04588-31, on May 15, 2025 ("the Complaint"). Pursuant to LCR 101(b), a true and correct copy of the operative complaint in the State Court Action is appended hereto as **Exhibit A**.

DEFENDANT SIRIUS XM RADIO LLC's NOTICE
OF REMOVAL TO FEDERAL COURT – 1

BALLARD SPAHR LLP
1301 2nd Avenue, Suite 2800
Seattle, WA 98101
Telephone: 206.223.7000

2. Plaintiffs seek to represent a "class of consumers residing in Washington who never paid for a Sirius XM music plan subscription and who received emails from Sirius XM prior to July 1, 2024, which contained false or misleading pricing information in the subject line." Complaint ¶ 13.

3. As set forth below, this case is removable to this Court pursuant to 28 U.S.C. ¶ 1441 because Sirius XM has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005, Pub L. No. 109-2, 119 Stat. 14 ("CAFA").

I. **The Requirements For Removal Are Satisfied**.

4. The Complaint was filed on May 15, 2025. Sirius was served the Complaint and Summons on May 27, 2025. Wackerbarth Decl., ¶ 4; Ex. 2.

5. Sirius XM has not yet answered or otherwise responded to the Complaint, nor has its time to respond expired.

6. This removal is timely under 28 U.S.C. § 1446(b). Sirius XM's Notice of Removal is filed within 30-days of service of the Complaint. *See Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1133 (9th Cir. 2011) (citing *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 348 (1999) (the 30-day clock for removal runs from the date of "formal service.")).

7. Pursuant to 28 U.S.C. § 1446(d), Sirius XM will file a Notice of Removal with the Clerk of the Superior Court of Washington, County of Snohomish, and will serve Plaintiffs through their attorney of record in the Superior Court Action with a Notice of Removal.

8. Venue lies in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1441(a) because the Complaint was filed within this District, at the Superior Court of Washington, County of Snohomish. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* U.S.C. § 1441(a).

9. Consent is not required for removal under 28 U.S.C. § 1332.

## II. Removal is proper because this Court has subject matter jurisdiction

10. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005. CAFA grants federal courts original jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) "the number of members of all proposed plaintiff classes in the aggregate is" not less than 100, *id.* § 1332(d)(5)(B), and (3) "the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs," *id.* § 1332(d)(2). "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (cleaned up).

11. This lawsuit is a proposed "class action" as defined by CAFA because it is a civil action brought by representatives of a putative class and filed in the state court pursuant to a rule authorizing a class action. *See* 28 U.S.C. § 1332(d)(1)(B). Plaintiffs bring their claims individually and on behalf of "a class of Washington consumers who never paid for a Sirius XM subscription and who received commercial emails from Sirius XM with false price advertising in the subject line prior to July 1, 2024." Complaint ¶ 53. Rule 23 of the Washington Superior Court Civil Rules authorizes class action lawsuits. *See Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wash. 2d 507, 514, 415 P.3d 224, 229 (Wash. 2018).

### A. The diversity requirement is met

12. The named Plaintiffs in this matter are diverse from Sirius XM. Plaintiffs allege they are citizens of Washington, while Sirius XM is a limited liability company organized under the laws of Delaware with its principal place of business in New York. Complaint ¶¶ 14–16; 28 U.S.C. § 1332(d)(10) ("an incorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"). Sirius XM Radio LLC is a wholly owned subsidiary of Sirius XM Inc.; Sirius XM Inc. is a Delaware corporation with a principal place of business in New York. Because Plaintiffs are citizens of

Washington, and Sirius XM LLC is a citizen of Delaware and New York, the minimal diversity requirement under CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

### B. The purported class consists of more than 100 members

13. Although Sirius XM does not believe that Plaintiffs have defined a proper class or that a class can be defined or maintained under the alleged circumstances, Plaintiffs' allegations indicate that the proposed class of Washington consumers includes at least 100 members, as required by 29 U.S.C. § 1332(d)(5)(B). Plaintiffs allege that the proposed class includes "hundreds of thousands of individuals." Complaint ¶ 84. The purported class thus far exceeds 100 members.

### C. The Complaint places in controversy a sum or value greater than $5 million

14. Although Sirius XM concedes neither liability on Plaintiffs' claims nor the propriety of the relief sought, the Complaint, which does not seek a specific sum in damages, has plausibly placed in controversy a sum or value greater than $5 million, as required by 28 U.S.C. § 1332(d)(2) and 101(a). *See also Dart Cherokee Basin Operating Co.*, 573 U.S. at 89 (A notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but a defendant is not required to present evidence supporting that plausible allegation unless the allegation is challenged by the plaintiff or the court.). Here, Plaintiffs allege that the purported class is comprised of "hundreds of thousands" of Washington consumers who never paid for a Sirius XM subscription and allegedly received improper emails from Sirius XM. For each of these emails sent, Plaintiffs seek $500 in statutory damages pursuant to the Washington Commercial Electronic Mail Act (CEMA), RCW 19.190. Complaint ¶¶ 84, 111(A)(2). Moreover, the Complaint suggests that the purported class of hundreds of thousands of members received several emails each; it asserts that the named Plaintiffs alone received at least 25 and 16 actionable emails respectively. *See* Complaint ¶¶ 67, 79. Given the damages amount Plaintiffs seek per email under CEMA, the Complaint places in controversy a sum far greater than $5 million.

### III. Reservation of Rights

15. By filing this Notice of Removal, including alleging the amount-in-controversy for purposes of removal, Sirius XM does not concede in any way that the allegations in the Complaint are accurate, that Sirius XM committed any of the violations of law alleged in the Complaint, or that Plaintiffs have asserted claims upon which relief can be granted. Nor does Sirius XM concede that the proposed class is properly defined or that class certification is appropriate. Finally, this Notice of Removal does not waive any and all claims or defenses by Sirius XM, all of which are expressly preserved herein.

16. If any question arises as to the propriety of removal to this Court, Sirius XM requests the opportunity to submit a brief in support of its position that this case has been properly removed and to present oral argument.

17. Sirius XM also reserves the right to amend of supplement this Notice of Removal.

### IV. Conclusion

WHEREFORE, Sirius XM notices the removal of this case from the Superior Court of Washington, County of Snohomish, to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectively requests that this Court assume jurisdiction over this action.

Dated:  June 13, 2025

BALLARD SPAHR LLP

By: *s/ Tim D. Wackerbarth*
Tim D. Wackerbarth, WSBA No. 13673
wackerbartht@ballardspahr.com
1301 2nd Avenue, Suite 2800
Seattle, WA 98101
Tel: (206) 223-7000

JONES DAY

Lee A. Armstrong (*pro hac vice* pending)
laarmstrong@jonesday.com
Jennifer Del Medico (*pro hac vice* pending)
jdelmedico@jonesday.com
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Defendant*
Sirius XM Radio LLC

# **CERTIFICATE OF SERVICE**

I, Alisa R. Flabel, hereby certify under penalty of perjury of the laws of the State of Washington that on the 13th day of June, 2025, I caused to be served a copy of the foregoing document, on the following person(s) at the following address(es):

**Attorney for PLAINTIFF**:

| | | | |
|---|---|---|---|
| Daniel M. Hattis<br>Paul Karl Lukacs<br>Che Corrington<br>Hattis & Lukacs<br>11711 SE 8th Street, Suite 120<br>Bellevue, WA 98005<br>dan@hattislaw.com<br>pkl@hattislaw.com<br>che@hattislaw.com | | ☐<br>☒<br>☐<br><br>☐<br>X | by U.S. Mail<br>by Electronic Mail<br>by Electronic Mail pursuant to e-service agreement<br>by Overnight Delivery<br>by Hand Delivery |
| Stephen P. DeNittis (Pending Pro Hac Vice)<br>DeNittis Osefchen Prince P.C.<br>5 Greentree Centre, Suite 410<br>525 Route 73 N<br>Marlton, NJ  08057<br>sdenittis@denittislaw.com | | ☐<br>☒<br>☐<br><br>☐<br>☐ | by U.S. Mail<br>by Electronic Mail<br>by Electronic Mail pursuant to e-service agreement<br>by Overnight Delivery<br>by Hand Delivery |

DATED this 13th day of June, 2025.

*s/ Alisa R. Flabel*
Alisa R. Flabel